UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| NEODRON LTD., <br><br> Plaintiff, <br><br> v. <br><br> DELL TECHNOLOGIES INC., <br><br> Defendant. | Civil Action No. 6:19-cv-00318 |

**DEFENDANT DELL TECHNOLOGIES INC.'S**
**UNOPPOSED MOTION TO STAY ACTION PENDING ITC DETERMINATION**

Defendant Dell Technologies Inc. ("Dell") moves this Court pursuant to 28 U.S.C. § 1659 for a stay of all proceedings in the above-captioned case until the determination of the United States International Trade Commission ("ITC") in a parallel proceeding becomes final. Plaintiff Neodron Ltd. ("Neodron" or "Plaintiff") does not oppose this motion.

On May 21, 2019, Neodron filed the complaint in this action ("the District Court action") against Dell alleging infringement of U.S. Patent Nos. 8,432,173 ("173 Patent"); 8,791,910 ("910 Patent"); 9,024,790 ("790 Patent"); and 9,372,580 ("580 Patent") (collectively, the "Asserted Patents"). (Dkt. No. 1.) On May 22, 2019, Neodron filed a complaint with the U.S. International Trade Commission ("ITC") against Dell. Neodron's ITC complaint alleges that Dell infringes the same Asserted Patents. On May 23, 2019, Neodron filed an amended complaint with the ITC in which it modified the name of one respondent, but did not modify any of the allegations as to Dell. On June 19, 2019, Neodron's requested ITC investigation was instituted as Investigation No. 337-TA-1162.

On May 30, 2019, Neodron served the complaint in this action. (Dkt. No. 10). On June 17,

2019, counsel for Dell conferred with counsel for Neodron to request a 30 day extension to answer or otherwise respond to the Complaint in this action, and Neodron's counsel indicated that they would not oppose such a motion. (Dkt. No. 11, p. 1.) On June 18, 2019, the Court entered a text order granting the requested relief and extending the deadline to answer or otherwise response to the Complaint until July 22, 2019.

Pursuant to 28 U.S.C. § 1659, district court claims that involve the same issues as a parallel ITC proceeding are subject to a mandatory stay. Specifically, 28 U.S.C. § 1659(a) provides:

> (a)     Stay. In a civil action involving parties that are also parties to a proceeding before the United States International Trade Commission under section 337 of the Tariff Act of 1930, at the request of a party to the civil action that is also a respondent in the proceeding before the Commission, the district court shall stay, until the determination of the Commission becomes final, proceedings in the civil action with respect to any claim that involves the same issues involved in the proceeding before the Commission, but only if such request is made within –
>
> (1)     30 days after the party is named as a respondent in the proceeding before the Commission, or
>
> (2)     30 days after the district court action is filed, whichever is later.

28 U.S.C. § 1659(a). A stay issued under this statute remains in effect during any appeals and "until the Commission proceedings are no longer subject to judicial review." *In re Princo Corp.*, 478 F.3d 1345, 1355 (Fed. Cir. 2007).

The claims asserted in this action involve the same issues as the claims in the ITC action, and the parties and products at issue are also the same. This motion is timely because this request is being made within 30 days of the publication in the Federal Register of the ITC's Notice of Institution of Investigation, which names Dell as a respondent in the ITC action. 84 Fed. Reg. 29545 (June 24, 2019). A stay is, therefore, mandatory under §1659(a). Furthermore, counsel for Dell has conferred with counsel for Neodron regarding this stay, and on July 8, 2019, counsel for

Neodron indicated via email that they do not oppose the requested stay in this action.

For the foregoing reasons, Dell respectfully requests that the Court enter the attached proposed order staying all proceedings in this action until the determination of the 337-TA-1162 Investigation becomes final, including any appeals and until the Commission proceedings are no longer subject to judicial review.

Dated: July 17, 2019

Respectfully submitted,

By: */s/ Brady Cox*
Brady Cox (TX Bar No. 24074084)
**ALSTON & BIRD LLP**
2200 Ross Avenue, Suite 2300
Dallas, Texas 75201
Phone: (214) 922-3400
Fax:   (214) 922-3899
brady.cox@alston.com

*Attorney for Defendant Dell Technologies Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system on July 17, 2019.

>                             */s/ Brady Cox*
>                             Brady Cox